UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SOLANO, | Case No. 2:25-cv-0797-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| LEANNA LUNDY, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against Warden Leanna Lundy and six John Doe defendants, alleging violations of the Eighth and Fourteenth Amendments. ECF No. 1. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on July 21, 2022, while incarcerated at the now-closed California City Correctional Facility, he slipped and fell on a wet concrete floor outside the showers, causing him pain and spinal injuries. ECF No. 1 at 15-17. After he fell, he alleges that he approached John Doe #6, a correctional officer, who called the medical facility and sent plaintiff to receive medical treatment. *Id.* at 15. John Doe #6 then called John Doe #5, a sergeant, to report the slip and fall. *Id.* Months later, on October 27, 2022, John Doe #6 allegedly approached plaintiff to inform him that he had submitted a work order to ensure non-slip grip would be placed where plaintiff fell. *Id.* This tape was installed a few days later, and new signage stating, "Caution Floor Slippery When Wet," was placed near plaintiff's fall site. *Id.*

Plaintiff alleges that John Doe #6's actions were insufficient, and that John Doe #6 did not have sufficient safety training, which caused plaintiff's fall. *Id.* at 16. He contends that John Doe #6 violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process, and also contends that John Doe's behavior constituted the negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED"), and that it further violated OSHA standards and the Bane Act. *Id.*

Plaintiff alleges that John Doe #5 was aware of the puddle of water outside the shower, and that he acted with deliberate indifference in failing to give plaintiff notice of the hazardous condition. *Id.* at 19. To John Doe #4, a lieutenant, plaintiff alleges that he was also aware of the puddle of water, and deliberately ignored the issue. *Id.* He alleges the same regarding John Doe #3, a captain. *Id.* at 19-20. To John Doe #1, chief deputy warden, and Lundy, plaintiff alleges that it was their responsibility to properly train and maintain control over their correctional officers, that they are responsible for the actions of the other John Does as a result. *Id.* at 20. Plaintiff also alleges that all defendants should be held liable for NIED. *Id.* at 21.

Plaintiff brings his suit against Lundy and the John Doe defendants in their official and individual capacities. *Id.* at 10-14. He seeks only monetary damages. *Id.* at 22.

Plaintiff's complaint fails to state a claim. As an initial matter, plaintiff's claims against all defendants in their official capacities fail to state a claim because he only brings this suit against them for monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that the Eleventh Amendment bars suits for monetary damages against state officers in their official capacities).

Plaintiff also fails to state claims against defendants in their individual capacities. Broadly speaking, "[t]he Eighth Amendment does not establish premises liability for negligence leading to a slip and fall." *Oubichon v. Carey*, No. 2:06-cv-2749-JAM-EFB, 2017 WL 2162940, at *4 (E.D. Cal. May 17, 2017). Instead, the Eighth Amendment protects inmates from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The Ninth Circuit has stated that complaints regarding slippery prison floors "do not state even an arguable [Eighth Amendment] claim." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989),

1  *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.
2  2000); *see also Gilman v. Woodford*, No. 06-16157, 2008 WL 686740, at *1 (9th Cir. Mar. 12,
3  2008) (dismissing inmate's complaint alleging Eighth Amendment violation based on leaky roof
4  and slippery floors).  As such, plaintiff's Eighth Amendment claim against all defendants based
5  on his slip and fall on a slippery prison shower floor fails to state a claim as a matter of law.

6         Plaintiff's claim that Lundy and John Doe #1 should be held liable for the other
7  defendants' actions because they had a duty to ensure plaintiff's safety is insufficient to state a
8  claim.  *Respondeat superior* liability may not be imposed on supervisory personnel for the actions
9  or omissions of their subordinates.  *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo Cty., Ariz.*, 609
10 F.3d 1011, 1020-21 (9th Cir. 2010).  "A supervisor may be liable only if (1) he or she is
11 personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection
12 between the supervisor's wrongful conduct and the constitutional violation."  *Crowley v.*
13 *Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted).  "Under the
14 latter theory, supervisory liability exists even without overt personal participation in the offensive
15 act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of
16 constitutional rights and is the moving force of a constitutional violation."  *Crowley*, 734 F.3d at
17 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks
18 omitted).

19        To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his
20 deprivation resulted from an official policy or custom established by a . . . policymaker possessed
21 with final authority to establish that policy."  *Waggy v. Spokane Cnty. Wash.*, 594 F.3d 707, 713
22 (9th Cir. 2010).  When a defendant holds a supervisory position, the causal link between such
23 defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*
24 *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.
25 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in
26 civil rights violations are not sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.
27 1982).

28

As explained earlier, no constitutional violation has been alleged; there is no allegation that Lundy or John Doe #1 participated in or ratified any constitutional violation against plaintiff. Plaintiff alleges that Lundy and John Doe #1 are liable for properly training the other John Doe defendants, and that they are liable for the other John Does' actions. *See* ECF No. 1 at 20. Plaintiff thus relies on Lundy and John Doe #1's responsibility as supervisors to ensure the safety and health of the prisoners; such a claim is based on *respondeat superior* and is not cognizable under § 1983.

Plaintiff's due process claim against John Doe #6 similarly fails, because the claim is vague and conclusory and does not make any allegations demonstrating how the alleged facts violated any due process principle. *See Ivey*, 673 F.2d at 268 ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Finally, to the extent plaintiff attempts to raise an OSHA-based claim, such claim fails because no private right of action exists under OSHA. *See Clark v. Wells Fargo Bank*, 669 F. App'x 362, 363 (9th Cir. 2016) ("The district court properly dismissed [the plaintiff's] allegations of OSHA violations because OSHA does not provide a private right of action.").

In light of the foregoing, plaintiff has failed to adequately plead any federal claim. Therefore, the court declines to address the remaining state law claims of NIED, IIED, or the Bane Act. *See Decker v. Shasta Cnty.*, No. 2:16-cv-1179-KJN, 2017 WL 3601382, *3, 2017 U.S. Dist. LEXIS 134358 E.D. Cal. Aug. 22, 2017 ("Moreover, absent federal claims, this action cannot proceed solely on the basis of state law claims. Although the court may exercise supplemental jurisdiction of state law claims, a plaintiff must first have a cognizable claim for relief under federal law.").

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior

pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   April 30, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6