UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SOLANO,<br><br>   Plaintiff,<br><br>   v.<br><br>LEANNA LUNDY,<br><br>   Defendant. | Case No. 2:25-cv-0797-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, brings this action alleging defendants violated his rights in negligently failing to protect him from a slip-and-fall accident that injured him. ECF No. 10 at 4-5. As I explained in my prior screening order, such claims, premised on negligence, are not actionable under section 1983. And, while plaintiff has appended a state tort claim, there is no reason to retain pendent jurisdiction over it absent a viable federal claim. Accordingly, I recommend that this action be dismissed for failure to state a cognizable claim.

**Screening Order**

**I.   Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that on an uncertain date, he slipped and fell in the shower area of the California City Correctional Facility ("CCCF"). ECF No. 10 at 3-5. He alleges that defendant Lundy, the warden of CCCF, was negligent in failing to protect him from the injury. *Id.* at 3. This claim cannot proceed because negligence, even gross negligence, is not a viable cause of action under section 1983. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995) ("It is well settled that section 1983 provides a cause of action for violations of federal statutes as well as the Constitution.") (internal quotation marks omitted); *see also Farmer v. Brennan*, 511 U.S.

1   825, 835 (1994) ("Eighth Amendment liability requires more than ordinary lack of due care for
2   the prisoner's interests or safety.") (internal quotation marks omitted); *Stevenson v. Koskey*, 877
3   F.2d 1435, 1440-1441 (9th Cir. 1989) ("In the context of constitutional torts, it is the deliberate,
4   intentional abuse of governmental power for the purpose of depriving a person of life, liberty or
5   property that the fourteenth amendment was designed to prevent."); *Buckey v. County of Los*
6   *Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) ("Mere negligence and self-aggrandizing motives are
7   not actionable under section 1983."). Additionally, there is no *respondeat superior* liability based
8   solely on defendant Lundy's position. *See Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989).

   Plaintiff has added a state tort claim connected to the same incident, ECF No. 10 at 5, but absent a viable federal claim, pendent jurisdiction is generally unwarranted. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). He may bring his state tort claim in state court.

   I am convinced that plaintiff could not remedy the deficiencies in his complaint without fundamentally changing the nature of his claim. Accordingly, I find that further attempts to amend are unwarranted and that this action should be dismissed.

It is ORDERED that the Clerk of Court shall assign a district judge to rule on these findings and recommendations.

It is RECOMMENDED that the first amended complaint, ECF No. 10, be DISMISSED without leave to amend for failure to state a viable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 21, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4